1   WO

2

3

4

5

6

7                      IN THE UNITED STATES DISTRICT COURT

8                       FOR THE DISTRICT OF ARIZONA

9

10

11

12  Edward Harrison and Carol      )
    Harrison, husband and wife,    )
13                                 )
                                   )
14              Plaintiffs,        )      No. CIV06-0745-PHX-RCB
                                   )
15         vs.                     )            O R D E R
                                   )
16  Howmedica Osteonics Corp.,     )
    *et al.*                       )
17              Defendants.        )
    _____)
18

19         Currently pending before the court is, *inter alia*, a

20  motion for summary judgment by defendant Howmedica Osteonics

21  Corporation.  The parties are not challenging this court's

22  jurisdiction, which purports to be based upon diversity of

23  citizenship pursuant to 28 U.S.C. § 1332.   See Not. of Removal

24  (doc. 1).  Nonetheless, because federal courts have limited

25  jurisdiction, before addressing the merits of Howmedica's motion,

26  this court has "an independent obligation to determine whether

27  subject-matter jurisdiction exists, even in the absence of

28  challenge from any party." Arbaugh v. Y & H Corp., 546 U.S. 500,

1   ___, 126 S.Ct. 1235, 1244 (2006) (citation omitted).  This

2   obligation is particularly compelling where, as here, subject

3   matter jurisdiction is not evident on the face of the removal

4   petition or, for that matter, on the face of the complaint.

5        In the present case there are no allegations of plaintiffs'

6   citizenship, only their residence.  <u>See</u> Not. of Removal (doc. 1) at

7   3, par. 4 (citing Co., at ¶ 1) (emphasis added) ("Defendants are

8   informed and believe, and therefore, allege, that at the time of

9   the filing of the Complaint, Plaintiffs . . . are *residents* of

10  Maricopa County, Arizona.")[1]   Based upon well-settled case law,

11  this court has repeatedly stressed that allegations as to residency

12  are insufficient to establish citizenship for diversity purposes,

13  however.  <u>See</u>, <u>e.g.</u>, <u>Home Buyers Warranty Corp. v. Leighty</u>, 2007 WL

14  4616687, at *2 – *3 (D.Ariz. 2007); <u>Lacombe</u>, 2007 WL  2702005,  at

15  *1– *3; and <u>Western World Insurance Co. v. Ramirez</u>, 2007 WL

16  1839594, at *1 (D.Ariz. 2007).  Presumptively, federal courts are

17  without jurisdiction over civil actions, and the burden to

18  establish to the contrary rests upon the party asserting

19  jurisdiction.  <u>Kokken v. Guardian Life Ins. Co.</u>, 511 U.S. 375, 377,

20  114 S.Ct. 1673, 1677 (1989).  Furthermore, lack of subject matter

21  jurisdiction is never waived and may be raised by the court *sua*

22  *sponte* at any juncture.  <u>Attorneys Trust v. Videotape Computer</u>

23  <u>Products, Inc.</u>, 93 F.3d 593, 594-595 (9th Cir. 1996).  Therefore,

24

25       [1]     "This omission [in plaintiffs' complaint] [is] understandable [given
        that] this action [was] removed from state court."  <u>Lacombe v. Bullhead  City</u>
26      <u>Hospital Corp.</u>, 2007 WL 2702005, at *2 (D.Ariz. 2007).  "Indeed, it is not uncommon
        for a state court pleading to omit the necessary facts needed to determine
27      diversity."  <u>Harris v. Bankers Life and Casualty Company</u>, 425 F.3d 689, 693 (9th
        Cir. 2005).  "That is so because '[o]bviously, diversity of citizenship is a
        federal, not a state, concern.'"  <u>Lacombe</u>, 2007 WL 2702005, at *2 (quoting <u>Harris</u>,
28      425 F.3d at 693).

1   the court hereby orders defendant Howmedica, as the  party

2   asserting jurisdiction, to file and serve, on or before, March 13,

3   2008, a memorandum and whatever else it deems necessary to

4   establish this court's subject matter jurisdiction.  This is

5   essential because "[j]urisdiction is what [this court's] power

6   rests upon."  In re Mooney, 841 F.2d 1003, 1006 (9th Cir. 1988).

7   "Without jurisdiction it is nothing[;]" and hence it would be

8   without power to decide the pending motions.  See id.

9        The court further orders plaintiffs to file and serve a sur-

10   reply on or before March 13, 2008, addressing the issue of the

11   applicability, if any, of the Restatement (Third) of Torts:

12   Products Liability, Section 6(c) to the particular facts and

13   circumstances of the present action.  This issue must be addressed

14   because it is the basis for the penultimate argument in Howmedica's

15   Reply, and at least at first glance appears to be potentially

16   dispositive.

17        The court is keenly aware, however, that Arizona courts "do

18   not follow the Restatement blindly, . . . and will come to a

19   contrary conclusion if Arizona law suggests otherwise."  See Powers

20   v. Taser Int'l, Inc., 174 P.3d 777, 782 (Ariz. App. Div. 1, 2008)

21   (citations omitted).  For that reason, the Arizona Court of

22   Appeals, Division One, just recently undertook an independent

23   evaluation of "whether the Restatement [(Third)] position is good

24   legal authority under Arizona law[]" on the issue of "whether the

25   hindsight test should be applied to a strict liability product

26   claim alleging failure to warn as the defect."   Id. at 782 and 778.

27   Because "Arizona has not formally adopted the Restatement (Third)

28   of Torts," Gebhardt v. Mentor Corporation, 191 F.R.D. 180, 185

(D.Ariz. 1999), aff'd on other grounds without pub'd opinion, 15 Fed. Appx. 540 (9th Cir. 2001), this court must undergo a similar independent evaluation of the potential applicability to the present action of Section 6(c) of that revision of the Restatement.

Consequently, as outlined above IT IS ORDERED that:

(1)  Defendant Howmedica Osteonics Corporation shall file and serve no later than 5:00 p.m., March 13, 2008, a memorandum of law and whatever else it deems necessary to establish this court's subject matter jurisdiction; and

(2)  IT IS FURTHER ORDERED that Plaintiffs shall file and serve no later than 5:00 p.m., March 13, 2008, a sur-reply addressing the applicability, if any, of the Restatement (Third) of Torts, Section 6(c), to the present case.

DATED this 3rd day of March, 2008.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record